## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| VALERIE DE ARMAS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| STAN KOCH AND SONS TRUCKING, INC. | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff VALERIE DE ARMAS ("Plaintiff" or "Ms. De Armas"), by and through undersigned counsel, and files this, her Complaint for Damages against Defendant Stan Koch and Sons Trucking, Inc. ("Defendant"), and respectfully shows the Court as follows:

## I.  NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief and damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), for subjecting her to wrongful retaliation.

## II. JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant is a foreign profit corporation qualified to do business in this District, and the unlawful employment practices alleged in this Complaint were partially committed within this District.

5.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

### III.   PARTIES

6.

At all times relevant to this matter, Defendant employed Ms. De Armas.  Ms. De Armas submits herself to the jurisdiction of this Court.

7.

At all times material hereto, Defendant has conducted business within this District.

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

9.

Defendant may be served through its Registered Agent, Cogency Global located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076.

### IV.   ADMINISTRATIVE PROCEDURES

10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (hereinafter "EEOC").

11.

The EEOC issued a "Notice of Right to Sue" on September 22, 2021, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

12.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

## V.    FACTUAL ALLEGATIONS

13.

On November 2018, Ms. De Armas began working as an Over the Road truck driver for Stan Koch and Sons Trucking.

14.

Her duties included working on the Club Car account, driving and unloading specialized freight (golf carts and ATVs), and she had a history of positive work performance.

15.

Many of the locations she would drive to would be remote, and she would be in the company of only other male drivers.

16.

She was paid $.47/mile (roughly $69,000 annually), with extensive benefits: health, with a matching benefit for HSA, vision, dental, life, short term disability, 401k, and vacation time.

17.

In or around September 11, 2020, Ms. De Armas discovered that another driver, Danny Cartwright, spread sexual rumors about her and another employee.

18.

Ms. De Armas felt very unsafe in her occupation, given the nature of her work and sort of the rumors being spread about her.

19.

Therefore, on September 12, 2020, Ms. De Armas informed the manager, Jason Lehr, who said he would take care of it.

20.

The rumors did not cease and continued to escalate, so on September 20, 2020, Ms. De Armas emailed Angela Scanlon (HR), Jason Lehr (Supervisor), Dave Burkhart, Randy Koch (CEO, Minnesota-based) and Dave Koch (VP, Minnesota-based) with a formal complaint of sexual harassment and hostile work environment.

21.

On October 1, 2020, the company gave her a letter dated September 30, 2020, and signed by Scanlon, which stated Defendant had concluded its investigation and determined that Ms. De Armas was at fault.  Specifically, Defendant accused Ms. De Armas of fostering a negative work environment with her complaint, and making the male employees uncomfortable.

22.

The company dispatcher, Jamie Jones, told Ms. De Armas that "boys will be boys," and that she knew who it was "safe" to put her on deliveries with.

23.

Given the company's failure to address the hostile work environment and its allegations against her, Ms. De Armas did not feel safe continuing to perform her duties.

24.

Therefore, Ms. De Armas called Human Resources on October 2, 2020 and left a voicemail resigning.

25.

The company recorded her as being terminated on September 30, 2020, i.e. the date of the letter summarizing its investigation.

## COUNT ONE:  RETALIATION IN VIOLATION OF TITLE VII

26.

Plaintiff re-alleges paragraphs 13-25 as if set forth fully herein.

27.

Plaintiff's verbal complaint to Jason Lehr regarding sexual harassment in the workplace, on or around September 12, 2020 constituted protected activity under Title VII.

28.

Plaintiff's written complaint to management and the owners of Defendant regarding sexual harassment in the workplace, on or around September 20, 2020, constituted protected activity under Title VII.

29.

Defendant admitted that but for her written complaint (i.e., protected activity) it would not have changed her duties, transferred her, or terminated her.

30.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

31.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

32.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

33.

Defendant is therefore liable for damages caused proximately resulting from its retalation against Plaintiff.

## COUNT TWO:  GENDER-BASED HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

34.

Plaintiff re-alleges paragraphs 13-25 as if set forth fully herein.

Plaintiff was subjected to a hostile work environment on the basis of her sex and sexual harassment by her peers.

35.

Specifically, given the nature of her work, the harassment threatened her physical safety.

36.

Plaintiff made her supervisors, Human Resource representative, and the owners of the company aware of the sexual harassment and hostile work environment, making Defendant directly liable for the harassing conduct of her co-workers.

37.

Defendant permitted the harassment and hostile work environment to continue, rendering the terms of her employment unbearable.

38.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)      General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)      Special damages and/or liquidated damages for lost wages and

benefits and prejudgment interest thereon;

(d)      Reasonable attorney's fees and expenses of litigation;

(e)      Trial by jury as to all issues;

(f)      Prejudgment interest at the rate allowed by law;

(g)      All other relief to which she may be entitled.

Respectfully submitted the 17th day of December, 2021.

**BARRETT & FARAHANY**

 /s/ *Adian Miller*_____
Adian Miller
Georgia Bar No. 794647

*Attorney for Plaintiff*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com